# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STEVEN P. WAHLSTROM, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 2:18-CV-00313-JRG |
| | § | |
| v. | § | |
| | § | |
| B & A CARRIER LLC, AHMED A. AHMED, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven P. Wahlstrom sued Defendants Ahmed A. Ahmed and B&A Carrier, LLC for injuries arising from a motor vehicle accident that occurred on March 27, 2018 on IH-30 in Bowie County, Texas. (Dkt. No. 1 ¶¶ 7–8.) Defendants move to transfer this action to the Texarkana Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) (the "Motion"). (Dkt. No. 3.) The Court hereby **DENIES** the Motion for the reasons set forth herein.

## I. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This inquiry "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal citation omitted).

In determining whether to transfer venue, the court must first determine "whether the judicial district [or division] to which transfer is sought would have been a district [or division] in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). A diversity action may be brought in "a judicial district (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28. U.S.C. § 1391(b). The venue statute does not distinguish between the divisions of a judicial district; so long as venue is proper in the district, a case may be filed in any division therein.

Once this threshold inquiry is met, the court analyzes public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Volkswagen I*, 371 F.3d at 203. The private factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (internal citation omitted). The public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* These factors are decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or

exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315. Absent such a showing, the plaintiff's choice of venue is to be respected. *Volkswagen II*, 545 F.3d at 315. When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008).

## II.  DISCUSSION

Both parties concede that this case could have been filed in the Texarkana Division. (Dkt. No. 3 at 3–4; Dkt. No. 7 at 2.) Therefore, the threshold requirement for transfer under § 1404(a) has been met. The Court now proceeds to analyze the private and public factors considered in determining whether an intra-district transfer is appropriate.

### A. Private Interest Factors

#### i. Relative Ease of Access to Sources of Proof

When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen II*, 545 F.3d at 316. For this factor to weigh in favor of transfer, Defendants must show that transfer to the Texarkana Division will result in more convenient access to sources of proof. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186, 2017 WL 6279907, at *2 (E.D. Tex. Dec. 28, 2017).

3

Defendants argues that "[m]ost evidentiary proof will be primarily in the form of documents, and most of the documents, including accident records and potentially medical records, will be located in Bowie County within the Texarkana Division." (Dkt. No. 3 at 5.) Plaintiff argues that he has received and will receive medical treatment in St. Louis, Missouri, and Bossier City, Louisiana, and as such "the bulk of the relevant medical records will be coming from either" of those locations. (Dkt. No. 7 at 4; Dkt. No. 12–1 (Plaintiff's medical records from accident).) Plaintiff also argues that he "will have access to all of his own records to be delivered at his home in Hallsville, Texas." (*Id.*) Accordingly, Plaintiff submits that "this factor is either neutral or in favor of denying the motion to transfer." (*Id.*) Since both parties have identified potentially relevant documents located in both divisions, the Court finds this factor neutral.

### ii. Availability of Compulsory Process

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *In re Volkswagen II*, 545 F.3d at 216. A district court's subpoena power is governed by Federal Rule of Civil Procedure 45. For purposes of § 1404(a), there are three important parts to Rule 45. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014) (explaining 2013 amendments to Rule 45). First, a district court has subpoena power over witnesses that live or work within 100 miles of the courthouse. Fed. R. Civ. P. 45(c)(1)(A). Second, a district court has subpoena power over residents of the state in which the district court sits—a party or a party's officer that lives or works in the state can be compelled to attend trial, and non-party residents can be similarly compelled as long as their attendance would not result in "substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(i)–(ii). Third, a district court has nationwide subpoena power to compel a

non-party witness's attendance at a deposition within 100 miles of where the witness lives or works. Fed. R. Civ. P. 45(a)(2), 45(c)(1).

Defendants submit that "[t]his factor is essentially neutral as the non-party witnesses are located within the Eastern District." (Dkt. No. 3 at 5.) Plaintiff responds that any witnesses that reside in Texarkana are subject to the subpoena power of the Marshall Division and "[t]herefore this factor weighs in favor of denying transfer." (Dkt. No. 7 at 4.) The personal injuries that make the basis of this action allegedly occurred in the Texarkana Division, and so some witnesses in this case will likely live or work therein. Since Texarkana is within 100 miles of Marshall, most of these witnesses will be within the subpoena power of either court. As such, the Court finds this factor neutral.

### iii. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

Defendants argue that the Texarkana Division is a more convenient forum because the principle witnesses are located in Bowie County, where the accident occurred. These witnesses include non-parties such as any witnesses to the accident, the investigating officers, and the medical providers. (Dkt. No. 3 at 4–5.) For example, Defendants explain that each party "will need to call at least one witness from NEC Texarkana Emergency Center with knowledge of Plaintiff's state immediately after the accident." (Dkt. No. 10 at 2.) "Additionally, Defendants

5

will also need to call non-party witnesses with knowledge of the results of the CT scans performed on him on March 28, 2018." (*Id.*) Both Defendants concede, however, that they each reside within the State of Tennessee and thus each Defendant would separately be required to travel regardless. (Dkt. No. 3 at 4.)

Plaintiff responds that Marshall is more convenient for the majority of witnesses that he plans to call to testify at trial. Plaintiff explains that he underwent surgery following the motor vehicle accident at the Laser Spine Institute in Creve Coeur, Missouri and "will be evaluated for his future ability to work after post-surgical therapy concludes" at the Functional Capacity Experts in Bossier, Louisiana." (Dkt. No. 7 at 3; Dkt. No. 12–1 (Plaintiff's medical records from accident).) As such, Plaintiff argues that "at least two non-party witnesses will have to travel . . . to prove a large portion of his damages:" "one witness with knowledge of his back surgery" and another "with knowledge of his diminished functional capacity since the injury." (*Id.*) Plaintiff explains that "[i]t is almost twice as far for these witnesses to travel should the trial be [] [in] Texarkana" and not Marshall. (*Id.*) In addition, Plaintiff submits that "the treating physician from Missouri will be required to travel to Marshall at the sole expense of the Plaintiff and the most convenient regional airport is located in Shreveport, Louisiana." (*Id.* at 3–4.) Plaintiff also states that he intends to call as witnesses his "closest friends and family" "to testify regarding the impact this injury has had on [his] [] physical and mental health." (*Id.* at 4.) These witnesses reside in Hallsville, which Plaintiff asserts is much closer to Marshall than Texarkana. (*Id.*)

On balance, the Court finds this factor is neutral as both parties have identified relevant witnesses that reside in both divisions. Defendants bear the burden of showing that transfer is "clearly more convenient" for willing witnesses and have failed to illustrate what prejudice, if any, its witnesses would suffer should transfer be denied. The Court will not assume that Texarkana is more convenient simply because Plaintiff's claims stem from acts allegedly occurring in the

6.

Texarkana Division, especially given that Plaintiff intends to call several non-party witnesses for which Marshall would be a more convenient forum.

### iv. All Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011). Defendants argue that "there is no clear and convincing evidence that this case will be delayed or that Plaintiff will, in any way, be prejudiced by transfer to the Texarkana Division." (Dkt. No. 3 at 6.) Plaintiff contends this factor is neutral. (Dkt. No. 7 at 5.) With no separate basis to support judicial economy or some other practical problem which would result from transfer, the Court finds that this factor neither weighs against nor in favor of transfer.

## B. Public Interest Factors

### i. Administrative Difficulties Flowing From Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. Defendants submit that this case "does not appear to be particularly complex and should not require a lengthy trial," and as such, "this factor neither weighs against nor in favor of transfer." (Dkt. No. 3 at 6.) Plaintiff did not address this factor. Since the Court is "unaware of any [administrative difficulties] that would arise from transferring or retaining th[e] case," the Court finds this factor neutral. *Radmax*, 720 F.3d at 289.

### ii. Local Interest in Having Localized Interests Decided at Home

Defendants argue that the Texarkana Division has a local interest in adjudicating this dispute because that is where the accident occurred and where the parties' witnesses reside. (Dkt. No. 3 at 7.) Defendants argue that the Marshall Division has no interest in this case because "none of the complained-of conduct occurred" therein. (*Id.*) Plaintiff submits that "the 'local interest' in this case will be minimal, if any at all" and explains that "[t]his suit is about damages for a single person" in which "[t]he private interest factors are far more compelling to keep the case in Marshall than any speculative local interest." (Dkt. No. 7 at 5.)

On balance, the Court finds this factor neutral as both divisions have an interest in the outcome of this dispute. The accident occurred within the Texarkana Division and the plaintiff is a resident of the Marshall Division.

### iii. Familiarity of the Forum with the Governing Law

Defendants explain that "[b]oth Divisions are familiar with the law that will govern the case." (Dkt. No. 3 at 7.) Plaintiff does not address this factor. The Court finds that both the Texarkana and Marshall Divisions are equally capable of applying the relevant law and finds that this factor is neutral. *Radmax*, 720 F.3d at 289.

### iv. Avoidance of Unnecessary Conflicts of Law

Defendants submit that "there appears to be no problem with conflict of laws, in that the rules and laws applied will be essentially the same in either division." (Dkt. No. 3 at 7.) Plaintiff does not address this factor. The Court finds that transfer would not present a conflict of law issue and finds this factor neutral. *Id.* at 290.

### III.   CONCLUSION

Based on the foregoing, the Court finds that all the relevant public and private interest factors are neutral.  Accordingly, the Texarkana Division is not clearly more convenient. Therefore, the Court is of the opinion that Defendants' Motion to Transfer Venue, (Dkt. No. 3), should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 8th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE